**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL BASOLA SOBAYO,

    Plaintiff,

  v.

U.S. BANK, N.A., DBA HOMEQ SERVICING, OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, THE ENDRES LAW FIRM, and DAVID ENDRES,

    Defendants.
    /

No. C 10-03941 WHA

**ORDER GRANTING MOTION TO DISMISS**

    This is a motion to dismiss in a foreclosure dispute. Defendants U.S. Bank, N.A., DBA Homeq Servicing, Old Republic Default Management Services, The Endres Law Firm, and David Endres move to dismiss all claims asserted against them in *pro se* plaintiff Nathaniel Basola Sobayo's amended complaint. As plaintiff lacks standing to assert his claims in federal court, defendants' motion to dismiss is **GRANTED**.

    This civil action involves California real property located at 41872 Montallegro Street in Lancaster. Plaintiff alleged defendants wronged him through foreclosure proceedings initiated on the property, even though he is not the property owner. Plaintiff's amended complaint included 21 claims against defendants, all involving mortgage loans on the property taken out by a non-party to this action.

1    Defendants removed the action and filed the instant motion on the grounds that plaintiff
2    lacks standing to bring any of the claims alleged in the first amended complaint.  Specifically,
3    defendants' argue that the amended complaint is based entirely upon loans to which plaintiff *was*
4    *not even a party*.  Moreover, according to defendants, Mr. Sobayo filed an identical lawsuit
5    against defendants over a year ago regarding the same conduct in the instant action, and it was
6    dismissed by the Honorable Judge Marilyn Hall Patel due to plaintiff's failure to file an
7    opposition to defendants' motion to dismiss (CV 09-03045, Dkt. No. 15).

8    Mr. Sobayo's opposition to defendants' motion to dismiss in the instant action was due on
9    October 14, 2010.  Plaintiff missed the deadline and on October 18 an order to show cause was
10   issued as to why defendants' motion to dismiss should not be granted in full.  On November 4
11   plaintiff answered the order to show cause and submitted an opposition to the instant motion.

12   To survive a motion to dismiss for failure to state a claim, a pleading must contain
13   sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  FRCP
14   12(b)(6); *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  A claim is facially plausible
15   when there are sufficient factual allegations to draw a reasonable inference that defendants are
16   liable for the misconduct alleged.  While a court "must take all of the factual allegations in the
17   complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual
18   allegation." *Id*. at 1949-50.  "[C]onclusory allegations of law and unwarranted inferences are
19   insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy*
20   *Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  Dismissal without leave to amend is only appropriate
21   when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by
22   amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citation omitted).

23   Under California law a plaintiff must be a "real party in interest" with respect to the claim
24   sued upon.  C.C.P. § 367.  Generally, a real party in interest is the person who owns or holds title
25   to the claim or property involved.  The purpose of the real party in interest requirement is to
26   assure that any judgment rendered will bar the owner of the claim sued upon from re-litigating the
27   action.  *Cloud v. Northrop Grumman Corp.*, 67 Cal. App. 4th 995, 1004, 1008 (1998).  In
28   addition, when a lawsuit is based upon a contract, only the contracting parties and any intended

2

beneficiaries of that contract are real parties in interest. While an intended beneficiary need not be named as such in the contract, the contracting parties' intent to benefit that person must appear in the terms of the agreement. *Schauer v. Mandarin Gems of California, Inc.*, 125 Cal. App. 4th 949, 957–58 (2005). In the instant action, plaintiff brings his claims based upon mortgage loans taken out by a third party. Plaintiff is neither a party nor an intended beneficiary of these loans. His complaint does not allege any plausible facts to infer to the contrary. Thus, when a party is not a real party in interest, as is the case here, the action must be dismissed, unless the complaint can be amended by substituting a party who has standing. *Cloud*, 67 Cal. App. 4th at 1004–11.

For the reasons set forth above, defendants' motion to dismiss all claims asserted in the complaint is **GRANTED**. Given that plaintiff is proceeding *pro se*, he may seek leave to amend the complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day calendar, for leave to amend the complaint. If no motion is received by this deadline, judgment will be entered and the action will be terminated. Additionally, plaintiff is warned that if his motion (if one is timely filed) is incomprehensible or fails to address the specific defects identified herein, the action may be terminated without further briefing or a hearing.

**IT IS SO ORDERED.**

Dated: November 10, 2010.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE