IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL BASOLA SOBAYO,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., DBA HOMEQ SERVICING, OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, THE ENDRES LAW FIRM, and DAVID ENDRES,<br><br>Defendants.<br>_____/ | No. C 10-03941 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

### INTRODUCTION

In this foreclosure dispute, this order denies plaintiff's motion for leave to file an amended complaint.

### STATEMENT

This civil action concerns California real property located at 41872 Montallegro Street in Lancaster. In his first amended complaint, *pro se* plaintiff Nathaniel Basola Sobayo alleged that defendants had wronged him through foreclosure proceedings initiated on the property. The first amended complaint included 21 claims against defendants, all involving mortgage loans on the property taken out by a non-party to this action. On November 10, 2010, defendants' motion to dismiss all claims asserted against them in the first amended complaint was granted on the ground that Sobayo lacked standing to assert his claims in federal court.

1  The order dismissing the first amended complaint found that Sobayo was not the owner of
2  the subject property and that he was neither a party to nor an intended beneficiary of the loans
3  that formed the basis of his action. Based on these facts, the order determined that Sobayo was
4  not a real party in interest to the claims and that the action therefore "must be dismissed, unless
5  the complaint can be amended by substituting a party who has standing." In dismissing all claims
6  in the amended complaint, the order allowed Sobayo one more opportunity to seek leave to
7  amend the complaint, given that Sobayo was proceeding *pro se*. Sobayo, however, was warned
8  that if his motion was not timely filed or was incomprehensible or failed to address the specific
9  defects identified in the order, the action may be terminated without further briefing or a hearing.
10  Additionally, the order noted defendants' assertion that Sobayo previously had filed an identical
11  lawsuit against them, and that the previous action was dismissed due to Sobayo's failure to
12  oppose defendants' motion to dismiss (Dkt. No. 23).

13  Sobayo's instant motion for leave to file an amended complaint was timely filed and
14  purports to cure the standing defect by appending four "proofs of legal standings." These exhibits
15  include the following: (1) a recorded warranty deed executed on May 5, 2008, purporting to
16  convey the subject property from Betty Oyewo to Sobayo for the consideration of "sum of ten&
17  no/100ths" [*sic*]; (2) a signed document in which Oyewo granted Sobayo power of attorney "for
18  the purpose of closing, insurance, mortgage payments, etc." pertaining to the subject property, "in
19  force until the final closing of the property"; (3) a signed mortgage information release
20  authorization form in which Oyewo authorized Sobayo to receive her account information; and
21  (4) a letter and property information sheet related to Oyewo's efforts to avoid foreclosure by
22  negotiating a short sale of the subject property to Sobayo. All of these documents are dated
23  May 5, 2008. The motion does not attach a copy of a proposed amended complaint; instead, the
24  motion discusses what pleadings and claims the amended complaint "may contain," listing the
25  same twenty-one counts recited in the first amended complaint and indicating that Sobayo would
26  be unable to draft the new complaint until further discovery is completed.

27  Defendants timely filed an opposition to this motion. Sobayo filed a reply that exceeded
28  the applicable page limit and was four days late. This reply reproduced the content of the motion

2

1  verbatim, adding only a minimal amount of new introductory and closing remarks targeted at
2  defendants' opposition.  A one-paragraph motion for leave to file the reply out of time was
3  appended to the reply.

**ANALYSIS**

Leave to amend a deficient complaint should be freely given when justice so requires, but leave may be denied if amendment of the complaint would be futile.  Fed. R. Civ. P. 15(a)(2); *Gordon v. City of Oakland*, --- F.3d ---, No. 09-16167, 2010 WL 4673695, at *2 (9th Cir. Nov. 19, 2010).  Here, amendment of the complaint would be futile, since Sobayo's motion does not demonstrate a capacity to cure the lack of standing identified in the November 10 order.  That order found that the action "must be dismissed, unless the complaint can be amended by substituting a party who has standing" and warned Sobayo that if his motion for leave to amend failed to address the standing defects, the action may be terminated without further briefing or a hearing.  This order follows through.

Sobayo's motion does not indicate any intent to substitute in a new plaintiff who has standing to assert the stated claims; instead, it offers four reasons why Sobayo allegedly does have standing to assert these claims himself.  After allowing full briefing on this motion, holding a hearing, and considering all submissions and oral arguments, this order finds that none of Sobayo's new arguments change the fact that he lacks standing.  *First*, the 2008 warranty deed from Oyewo did not give Sobayo an ownership interest in the subject property.  At the time the warranty deed was executed, the property was being held in trust pursuant to deeds of trust Oyewo executed in 2004, so Oyewo did not have any interest in the property to convey.  *Second*, the power of attorney Oyewo granted to Sobayo lasted only "until the final closing of the property" in a short sale that concluded with the 2008 warranty deed and was not even valid for the reason just stated.  This limited and expired power of attorney does not transform Sobayo into a real party in interest regarding the claims asserted against defendants.  *Third*, the facts that Sobayo had access to Oyewo's financial information and was attempting to purchase the subject property from her in a short sale also do not give him standing to complain about the way defendants imposed the foreclosure on the subject property.  At the hearing, Sobayo recapitulated

3

his faulty argument that these documents give him standing to sue as owner of the subject property.

Because Sobayo's motion for leave to file an amended complaint does not demonstrate that amendment would cure the standing defects identified in the November 10 order, the motion is **DENIED**. This *pro se* plaintiff has been given multiple opportunities to file a sustainable complaint against defendants, but he repeatedly has failed to do so and now has reached the end of the road. The time has come to stop devoting resources to this futile endeavor and allow defendants to move on.

## CONCLUSION

Plaintiff's motion for leave to untimely file his reply in support of his motion for leave to amend the complaint is **GRANTED**. Defendants' request for judicial notice is **GRANTED**. Plaintiff's motion for leave to file an amended complaint is **DENIED**. Plaintiff's motion for a ninety-day time extension to file the amended complaint is **DENIED AS MOOT**. Judgment will be entered in favor of defendants and against plaintiff. Plaintiff should be mindful of the deadline for filing an appeal.

**IT IS SO ORDERED.**

Dated: January 6, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4